Taliaferro, J.
The plaintiffs sue for “ tolls and charges,” which they aver defendant owes them for the use of a canal, constructed upon their own land, and kept in order at their own expense. The answer is a general denial, with the special averment that plaintiffs have no right to exact such charges. The plaintiffs had judgment in the Court below, and the defendant has appealed.
It seems that the plaintiffs, owning a body of land in the parish of Jefferson, right bank, extending from the Mississippi river five or six miles back to the Bayou Barrataria, have enlarged and much improved a canal constructed originally by the late Mr. Destretien, father of Mrs. Harvey, one of the plaintiffs. That this canal affords navigation for boats of considerable size, and that great facilities are offered by it for transporting from the interior, wood, lumber, fish, and other commodities destined for the New Orleans market.
The defendant, it is shown, has for a considerable length of time, availed himself of the use of this canal, in boating wood and lumber to market.
The plaintiffs have fully established the facts they have alleged, and the only question presented is: Has the proprietor of a tract of land the right to excavate, entirely within his own boundaries, and exclusively at his own expense, a canal for the purposes of navigation, and to require payment for its use by all who choose to avail themselves of its facilities ? It is not easy to perceive how, in such a case, the public become seized of the right to the gratuitous use of advantages afforded by individual labor *265 and enterprise. The right of expropriation, it is true, belongs to the public, and the land and canal so Constructed upon it, might, under constitutional and legal provisions, become public property, and bo appropriated to public use. But where no public need exists for such conversion, and the property in its entirety is subjected to private ownership, it would seem that the proprietor has the right, in any manner he deems best, to render that property most productive, subject only to the rule sio viere iuo ut alienum non Icedas. We are unable to see that the means irsed by an owner, to increase the value of his property, makes any difference in regard to his right to avail himself of the profits arising from the lawful exercise of such means. If he constructs works useful for the public upon his private property, and the public think proper to enjoy the benefits of these works, equity would certainly require that for the benefit received, compensation should be returned. Private property shall not be taken for public uses, without ample remuneration first made to the owner. This is a fundamental principle. So it would seem clearly to follow that private property cannot be used by the public without compensation for that use. Suppose the plaintiffs, in this case, should refuse to' permit the defendant to use their canal, would an action of damages lie against the owner ? If not, it must appear that the defendant is not entitled to require the use of the canal free of charge, as he would have to require the free use of a navigable stream, or a public road. But the defendant bases his refusal to pay the charges demanded by plaintiffs, on the ground that these charges are presented in the shape of tolls,' or rather that'the plaintiffs call them tolls. The plaintiffs, in their petition, use the terms “ tolls and charges.” The objection is, that no one can exact the payment of a toll unless he had been vested with a franchise by an act of the legislature, which enables him to do so. This objection would be valid, if applied to the pretensions of a person who, without such franchise, should demand toll on a public highway. But it does not appear that the canal in question has in any manner been constituted a public highway. We are referred by the defendant to the case of Boykin & Lang v. W. A. Shaffer, 13 An. p. 129. In that case there was some color of right, under a franchise. The legislature had conferred, upon a navigation company certain privileges, and the company made a contract with Shaffer to do a part of the work, for which it granted to him the privilege of building locks, to improve the navigation of a bayou, and the right to demand toll for the use of the locks. The question seemed to turn upon the right of the company to delegate the privilege to require toll, and the Court, under all the circumstances shown, but with some hesitation, recognized the right. But it was shown that the bayou, although much obstructed by drifts, was, at some stages of water, to some extent navigable in small boats. The facts in that case differ widely from those in the case now before the Court. In the case referred to in 13th Annual, the bayou was indirectly considered a public highway.
We concur with the Judge of the District Court, that the plaintiffs’ claim arises from an implied contract, on the part of the defendant, to compensate the plaintiffs for the use of their property. We also consider, it unimportant what term or expression was used by the plaintiffs to denote the remuneration claimed for that use. They made no pretension *266 to a franchise, or to be authorized by law to exact payment tinder the legal sense of “toll.”
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.